DYKMAN WALDRON, as Executor, etc., of CORNELIA WALDRON, Deceased, Plaintiff, *v.* CHARLES SCHLANG, Defendant.

*Limitation of time for the exercise of a power of sale contained in a will — when a sale after the expiration of the time is valid.*

In this action, brought to compel a purchaser at a public sale to complete his purchase of certain premises in the city of New York, it appeared that Cornelia Waldron, a former owner of the property, left a will, by the sixth section of which she authorized and empowered her executors, at any time within five years after her decease, " to sell, dispose of and convert into money all my estate, both real and personal, * * * and paying and deducting all necessary expenses, to divide the same into ten equal portions or shares," which she directed her executor to pay to certain persons named in the will, two of the shares being given in trust to the executors themselves. The testatrix died September 30, 1878, and the sale in question was made the 18th day of February, 1887, when a tender of a deed of the premises was made by the plaintiff to the defendant.

*Held*, that as it was the evident intention of the testatrix to convert all her property into money, the limit of time within which the real estate was directed to be sold was inoperative, and that, although the five years mentioned in the will had expired before the sale was made, the power of sale remained in full force and virtue; that the purchaser should be required to complete his purchase of the premises.

CASE submitted without action under section 1279 of the Code of Civil Procedure. The defendant purchased and the plaintiff sold at public sale certain real estate in the city of New York, for the sum of $2,800 on the 18th day of February, 1887. The defendant, the purchaser, at such sale refused to pay for the property or accept a conveyance thereof on the ground that the plaintiff had no power to sell or convey the property. It appeared that Cornelia Waldron, the owner of the property died on the 30th day of September, 1878, leaving a will by the fourth clause of which she provided as follows : " I do hereby authorize and empower my executors hereinafter named, at any time within five years after my decease, to sell dispose of and convert into money, all my estate both real and personal of which I am now possessed (except such as may be hereinafter mentioned) and to execute all necessary deed or deeds or other instruments for the proper conveyance of the

same, and paying and deducting all necessary expenses, to divide the same into ten equal portions or shares."

By the subsequent provision of her will, the testatrix directed that such shares should be paid over to certain persons named in the will, except two shares, which the executors were themselves directed to hold in trust for certain purposes in the will mentioned.

*J. K. Van Ness*, for the plaintiff.

*J. M. Baldwin*, for the defendant.

BRADY, J.:

The defendant purchased at a public sale, real estate No. 354 Bowery, in this city. He refuses to complete on the ground that the plaintiff had no power to convey.

It appears that Cornelia Waldron was the owner of the property which by her will she disposed of with other property owned by her. By the sixth section of her will she authorized and empowered her executors at any time within five years after her decease, to sell and dispose of and convert into money all her estate, real and personal, except what she particularly mentioned, and to execute all necessary deed or deeds or other instruments for the proper conveying of the same, and after paying and deducting all necessary expenses to divide the same into ten legal portions or shares which she directed her executors to pay to the persons named. Two of the shares she gave and devised to her executors to be held in trust by them for the purposes mentioned.

It is evident that it was the intention of the testatrix to convert all of her property into money, which was to be divided in the manner directed by the will, and when such appears to be the intent, a limit of the time within which the real estate shall be sold is inoperative. In other words the power of sale remains in full force and virtue in consequence of that intent, it being a cardinal rule in the construction of wills that the intention shall prevail, if it can be done without violating any principle of law or public policy.

It will have been observed that the direction to divide the proceeds is imperative and this implies a power of sale imperative to that end. (2 R. S. [6th.ed.], 1115, § 117; 1 R. S., 734, § 96.) All parts of wills are to be construed in relation to each other so as, if

possible, to form one consistent whole. (Jarman Rules of Construction of Wills, No. 7.)

In this case inasmuch as the testatrix authorized the sale of the estate, and it is apparent that it was the intention that it should be sold, the doctrine of equitable conversion applies, and indeed would apply if the power of sale was not imperative in its terms. (*Phelps* v. *Pond,* 23 N. Y., 69; *Bogert* v. *Hertell,* 4 Hill, 495; *Lent* v. *Howard,* 89 N. Y., 169.)

But aside from this doctrine it has been held that a trust continues notwithstanding the expiration of the time limited for its execution. (*Van Vechten* v. *Van Veghten,* 8 Paige, 105; *Mott* v. *Ackerman,* 92 N. Y., 539; *Phillips* v. *Davies,* id., 200.)

In *Mott* v. *Ackerman* the testatrix left both real and personal property which her executors were authorized, empowered and directed to convert into money within three years after the probate of the will. Twelve years after that incident the executors made a contract for the sale of part of the real estate. The purchaser refused to complete and the court of last resort held that as the purposes of the will required a power of sale it was imperative and that the neglect or misconduct of the executors ought not to defeat the purposes of the testatrix or to destroy the rights which depended upon the proper performance of their duties. The result was that the power of the executors to convey was declared to be intact and the purchaser compelled to complete his contract. See, also, Perry on Trusts (§ 771) where it is stated on authorities cited that a trust to sell with all convenient speed and within five years is directory only and the trustees can sell and make a good title after that period.

These principles applied to this case require that judgment should be directed in favor of the plaintiff, and that the defendant should be required to complete his contract.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment ordered for plaintiff.